UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| KERMIT ORIS BEAR STOPS<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | 3:14-CV-03019-RAL<br><br>ORDER SCREENING AND DISMISSING CASE |

On December 22, 2014, Petitioner Kermit Oris Bear Stops filed a motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Doc. 1. Petitioner's motion challenged his conviction for failure to register as a sex offender and his sentence imposed on July 2, 2012. Petitioner did not appeal from that conviction or sentence. Petitioner's lone claim is for ineffective assistance of counsel asserting that his attorney, Edward Albright of the Federal Public Defender's Office, rendered ineffective assistance of counsel in not advocating that Petitioner was exempt from the Sex Offender Registration Notification Act (SORNA) in light of the Eighth Circuit's decision in United States v. Brewer, 766 F.3d 884 (8th Cir. 2014).

Under Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Court, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving part." See also 28 U.S.C. § 2255(b) (contemplating screening and dismissal of a § 2255 motion if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief"). Petitioner is entitled to no relief because his § 2255 was filed after expiration of the one-year limitation period set by § 2255(f).

Section 2255 provides in relevant part that a petition must be filed within one year from the "date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). This Court imposed sentence on

1

Petitioner on July 2, 2012, and signed and filed the Judgment on July 3, 2012. United States v. Bear Stops, 12-CR-30038-RAL, Doc. 20. Petitioner did not appeal from the Judgment, so the Judgment became final on or about July 17, 2012, when the fourteen-day period for filing a notice of appeal expired. See Fed. R. App. P. 4(b)(1)(A) (setting fourteen-day time limit for filing a notice of appeal in a criminal case); Anjulo-Lopez v. United States, 541 F.3d 814, 816 n.2 (8th Cir. 2008) (conviction became final upon expiration of period for filing notice of appeal where defendant did not file notice of appeal). Petitioner's § 2255 motion was filed on December 22, 2014, more than two years after the Judgment was final. Nothing in Petitioner's motion or file suggests any cause for equitable tolling.

Petitioner violated his supervised release and received a sentence for that behavior with judgment entered on September 24, 2014. United States v. Bear Stops, 12-CR-30038-RAL, Docs. 22, 37, 40. However, Petitioner's § 2255 motion does not assert any issue with his supervised release revocation and sentence. Doc. 1. Rather, Petitioner's sole claim in his § 2255 motion relates to alleged ineffective assistance of counsel in not arguing that SORNA was inapplicable to Petitioner, which is a claim on which the one-year limitation under § 2255(f) ran back on or about July 17, 2013.

Even if Petitioner's motion were timely, his ineffective assistance claim is meritless. Petitioner apparently believes that the Eighth Circuit's decision in Brewer renders his conviction under SORNA invalid. This is incorrect. In February 2007, the Attorney General issued an interim rule making SORNA's registration requirements applicable to all sex offenders, including those who were convicted prior to the enactment of SORNA in 2006. Brewer, 766 F.3d at 886. The Eighth Circuit in Brewer concluded that the 2007 interim rule was invalid because the Attorney General had failed to comply with the Administrative Procedure Act when promulgating the Rule. Id. at 887–92. Because the defendant in Brewer was convicted under the invalid 2007 interim rule, the Eighth Circuit reversed his conviction. Id. at 892. Unlike the defendant in Brewer, Petitioner was not convicted under the 2007 interim rule. The interim rule was replaced with the "SMART" Guidelines in August 2008. Id. at 886. Like the interim rule, the SMART Guidelines made SORNA applicable to pre-SORNA offenders. Id. In January 2011, the Attorney General promulgated a final rule mirroring the interim rule. United States v. Knutson, 680 F.3d 1021, 1023 (8th Cir. 2012) (per curiam). Here, Petitioner's failure to

register under occurred in early 2012 when the 2007 interim rule was no longer in effect. Accordingly, Brewer does not apply to Petitioner's case.

Therefore, it is hereby

ORDERED, ADJUDGED, AND DECREED that Petitioner's § 2255 Motion is denied and dismissed.

It is further

ORDERED that no certificate of appealability issue.

DATED this 29th day of January, 2015.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE